IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 1:19-cv-00462-RM-NRN

ESTATE OF DANIEL B. CULVER, and
ANB BANK,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.

---

**ORDER**

---

This matter is before the Court on Defendant's motion to dismiss or transfer this case for lack of subject matter jurisdiction. (ECF No. 22.) The motion has been fully briefed. (ECF Nos. 25, 26, 27.) For the reasons below, the Court is transferring the case to the United States Court of Federal Claims.

**I.    LEGAL STANDARD**

Federal courts must have a statutory basis to exercise jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955. "The burden of establishing a federal court's subject matter jurisdiction rests upon the party asserting jurisdiction." *Safe Streets Alliance v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017) (quotations omitted). When a defendant asserts a facial attack on the complaint's allegations regarding subject matter jurisdiction, the Court accepts those allegations as true. *See Smith v. United States*, 561 F.3d 1090, 1097 (10th Cir. 2009).

## II. BACKGROUND

Plaintiffs bring this lawsuit against the government, seeking to recover interest based on overpayment of taxes. But as a threshold matter, the Court must determine if it has subject matter jurisdiction. Plaintiffs contend that jurisdiction for claims of overpayment interest exists under 28 U.S.C. § 1346(a)(1). Defendant disagrees. The United States Court of Appeals for the Tenth Circuit has not addressed this issue, and the Second and Sixth Circuits have reached opposite conclusions.

## III. DISCUSSION

Section 1346(a)(1) provides that federal district courts and the Court of Federal Claims shall have concurrent jurisdiction over

> [a]ny civil action against the United States for the recovery of [1] any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, [2] any penalty claimed to have been collected without authority, or [3] any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue tax laws.

There is no dispute that overpayment interest is not a tax or penalty under the first two categories; the issue presented is whether overpayment interest qualifies under the third category.

In *E.W. Scripps Co. v. United States*, 420 F.3d 589, 597 (6th Cir. 2005), the Sixth Circuit concluded that overpayment interest is an "excessive sum" included within the third category.[1] In reaching its decision, the Sixth Circuit accepted at face value a statement from *Flora v. United States*, 362 U.S. 145, 149 (1960), that a "sum" under the third category could include interest. There, the Supreme Court reasoned that "any sum" must mean "amounts which are neither taxes

---

[1] Although the district court had determined it had jurisdiction based on the first category, the Sixth Circuit affirmed based on the third category. *E.W. Scripps*, 420 F.3d at 596.

nor penalties," stating that "[o]ne example of such a 'sum' is interest." *Id.* But the *Flora* court was not addressing a claim for overpayment interest, nor did it acknowledge that different types of interest are treated differently under tax law. *See Alexander Proudfoot Co. v. United States*, 454 F.2d 1379, 1385 (Ct. Cl. 1972) ("Congress has distinguished markedly between a refund of that kind of interest paid by a taxpayer and statutory interest payable by the Government on an overpayment . . . ."). Noting that taxpayers have a statutory right to compensation "for the lost time-value of their when they make overpayments of tax," the Sixth Circuit concluded that "[i]f the Government does not compensate the taxpayer for the time-value of the tax overpayment, the Government has retained more money than it is due, i.e., an 'excessive sum.'" *E.W. Scripps*, 420 F.3d at 597 (citing 26 U.S.C. § 6611).

In *Pfizer Inc. v. United States*, No. 17-2307-cv, 2019 WL 4398425, at * (2d Cir. Sept. 16, 2019), the Second Circuit disagreed with the Sixth Circuit's analysis, ruling that the district court had erroneously relied on *E.W. Scripps* in determining that it had jurisdiction. First, the Second Circuit concluded that *Flora* is inapplicable in the context of considering overpayment interest because the interest at issue in that case was deficiency interest. *Id.* at *3. Noting that deficiency interest (which is treated as part of the underlying tax) and overpayment interest (which is simply a general debt of the government) are treated differently under tax law, the Second Circuit concluded that "*Flora*'s passing statement" about interest did not require putting all interest, including overpayment interest, into the third category of § 1346(a)(1). *Id.*

The Second Circuit then focused on the text of § 1346(a)(1) and concluded that the third category, like the first two, must refer to "an amount previously paid to the IRA by the taxpayer." *Id.* at *4. Because "overpayment interest is not a sum that, at some point in the past,

3

was either excessive or wrongfully collected," the court concluded that "[t]o find that overpayment interest qualifies as the type of 'sum' encompassed by § 1346(a)(1) strains the plain text of the statute beyond what it can bear." *Id.* at *4. Instead, the Second Circuit held, "overpayment interest is a straightforward claim against the federal government and is therefore covered by the Tucker Act, which vests exclusive jurisdiction in the United States Court of Federal Claims to hear any non-tort claim against the United States founded upon any Act of Congress." *Id.* at *5 (quotation omitted); *see also* 28 U.S.C. § 1491(a)(1).

The Court finds Second Circuit's analysis to be more thorough, reasoned, and persuasive than the Sixth Circuit's on this issue. The Sixth Circuit's analysis relies on a strained reading of § 1346(a)(1) and an overbroad reading of a dictum in *Flora* to permit a taxpayer to recover a sum that it never paid to the government. The Second Circuit's approach is rooted in the text of the statute and appropriate considerations regarding the broader context of tax law. In the absence of additional guidance from the Tenth Circuit, the Court will follow the *Pfizer* decision in this instance.

IV. **CONCLUSION**

Therefore, the motion to dismiss or transfer (ECF No. 22) is GRANTED. The Clerk is directed to TRANSFER this case to the United States Court of Federal Claims.

DATED this 7th day of October, 2019.

> BY THE COURT:
>
> _____
> RAYMOND P. MOORE
> United States District Judge